THE MAUMEE MALLEABLE CASTINGS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100933. Promulgated April 24, 1941.

*Nolan Boggs, Esq.*, and *Thomas J. Dolan, C. P. A.*, for the petitioner.

*Homer J. Fisher, Esq.*, for the respondent.

## OPINION.

HARRON: The sole question is whether under section 26 (c) (1) of the Revenue Act of 1936 petitioner is entitled to a credit in the amount of its adjusted net income for purposes of computation of the surtax on undistributed profits.

Section 26 (c) (1) of the Revenue Act of 1936, in so far as pertinent to the present question, provides as follows:

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends.

On its corporation income and excess profits tax return for the taxable year petitioner took a "Credit for contracts restricting dividend payments" (line 28 of Form 1120) in the amount of its adjusted net income. On the statement attached to the deficiency notice respondent disallowed the credit.

Petitioner relies on the prohibition on the payment of dividends contained in both the bond and the mortgage and deed of trust executed by it on November 15, 1934. The bond and the mortgage and deed of trust were written contracts executed by petitioner prior to May 1, 1936. The contracts contained a provision expressly dealing with the payment of dividends. Under that provision petitioner was prohibited from making any "distribution of earnings or surplus \* \* \* by way of dividends" until the bond had been fully paid. Cf. *Kilby Steel Co.*, 41 B. T. A. 1237; *Page Oil Co.*, 41 B. T. A. 952; *Sutcliffe Co.*, 41 B. T. A. 1009. Throughout the taxable year the bond was not fully paid; and at no time within the taxable year was petitioner under a legal obligation to pay the bond in full. See *Auto Interurban Co.*, 40 B. T. A. 161. Apparently the mortgage and deed of trust also contained a provision under which the prohibition on the payment of dividends might be waived with the consent of the trustee. In December of the taxable year petitioner requested the trustee to consent to a waiver of the prohibition, but the trustee refused. Cf. *Kilby Steel Co.*, *supra*. Thus petitioner could not distribute any amount within the taxable year as dividends without violating the provision contained in both the bond and the mortgage and deed of trust. It follows that all of the literal requirements of section 26 (c) (1) have been met. See *Auto Interurban Co.*, *supra*.

However, respondent contends in his brief that section 26 (c) (1) must be construed so that, in the case of a prohibition on the payment of dividends until a debt is paid, the taxpayer will be denied a credit if by its terms the debt can be paid in its entirety in the taxable year and if the taxpayer is able financially to pay the debt in its entirety in that year. He argues that such a construction is necessary to carry out the legislative intent underlying section 26 (c) (1). In support of such a construction he quotes from I. T. 3130, C. B. 1937–2, p. 107, 109,[1] and Auto Interurban Co., supra. He then contends that petitioner is not entitled to a credit under section 26 (c) (1) because the bond by its terms could have been paid in full in the taxable year and petitioner was financially able to pay the bond in full in that year.

In our opinion, respondent's contention is without merit. The record does indicate that petitioner at the very end of the taxable year was in such financial position as to be able to pay off the remaining balance of principal due under the bond and thus to remove the prohibition on the payment of dividends. Petitioner's failure to pay off the remaining balance of principal due under the bond until shortly after the end of the taxable year appears to have been actuated by sound business purposes. During the first six months of the taxable year petitioner's net monthly sales averaged over $70,000, but petitioner's net monthly sales fell to about $50,000 in July and continued at about that figure through October. Thereafter its net monthly sales dropped to about $36,000 in November, $26,000 in December, and $20,000 in January of 1938. Petitioner made substantial payments on account of the principal amount due under the bond in each month from January to September, inclusive, with the exception of April, when it made only a nominal payment. In view of the considerable shrinkage in the volume of its net monthly sales in the last half of the taxable year petitioner sought to conserve its cash and, therefore, made only relatively small payments on account of the principal amount due under the bond in October, November, and December.

On November 30, petitioner had about $31,500 in cash. From that date up to and including December 26 the amount of its cash gradually declined. On December 26 it had about $12,800 in cash. From December 26 up to and including December 31 the amount of its

---

[1] * * * The credit above referred to would, therefore, not be allowable after the corporation becomes financially able to repay these obligations, since the restriction on the payment of dividends would then not be the result of the provisions of the contracts but the result of the corporation's willful failure to retire the obligations. Upon the payment of the obligations or upon the corporation becoming financially able to repay them, all restrictions on the payment of dividends would be removed and the corporation would be charged with the distribution of its adjusted net income for the entire taxable year in which the restrictions were removed. (Article 26–2 (b) 2, Regulations 94.)

cash substantially increased. On December 31 it had about $35,000 in cash. The amount of its cash increased about $6,500 on December 30 and about $9,000 on December 31. As of December 31 the amount of petitioner's cash ($35,307.61) approximately equaled the total amount of its current liabilities ($21,318.88) plus the amount of principal remaining due on the bond ($14,053.05). Petitioner deposited the substantial amounts of cash which it had received on December 30 and 31 in its bank account on January 4, 1938. And on January 5, 1938, it paid the balance of principal remaining due under the bond in the amount of $14,053.05. It is true that as of December 31 petitioner had accounts receivable in the amount of $37,345.91 in addition to cash in the amount of $35,307.61. However, this does not seem to be a case where "a corporation, with cash and liquid assets greatly in excess of both its current obligations and its secured obligations" has delayed the redemption of its secured obligations "for an unreasonable length of time for the purpose of obtaining the credit provided for by section 26 (c) (1) of the Act of 1936." See *Auto Interurban Co., supra.* The preponderance of the evidence indicates that any failure to pay the bond in full in the taxable year was actuated by sound business purposes. Moreover, in the taxable year petitioner paid a total of $55,090.53 on the principal amount due under the bond, although by the terms of the bond it was required to pay only $9,325.68 in that year, and although it had a net taxable income of only $27,141.04 in that year. After a careful consideration of all the facts, we believe that the allowance to petitioner of a credit under section 26 (c) (1) in the amount of its adjusted net income will not tend to defeat the legislative intent underlying that section.

Accordingly, it is held that under section 26 (c) (1) petitioner is entitled to a credit in the amount of its adjusted net income for purposes of computation of the surtax on undistributed profits.

Reviewed by the Board.

*Decision will be entered for the petitioner.*