E. C. ATKINS AND COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 99196.   Promulgated May 8, 1941.

*Frank Albus, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

KERN: The problem presented to us in this proceeding involving section 26 (c) (1) of the Revenue Act of 1936, set out in the margin,[1] is, to a large extent, similar to that presented in the recent case of *Columbia River Paper Mills*, 43 B. T. A. 263. In that case the contract obligated the taxpayer corporation to "neither declare nor pay any *cash* dividend * * *." (Emphasis supplied.) We held that under the circumstances of that case "the petitioner could not have made any distribution to its stockholders except in the form of cash." We determined that a distribution in any form other than cash would have been impossible in view of legal obligations upon the taxpayer existing by virtue of another contract and its own bylaws.

In the instant proceeding the contract in effect has the same provision; it prohibits the payment of dividends but by a proviso permits the declaration of stock dividends. If no stock dividends could have been distributed by petitioner during the taxable year, then our holding in the instant proceeding must be the same as in *Columbia River Paper Mills*, *supra*. And, as we did in that case, we can look *aliunde* the contract relating specifically to the payment of dividends in determining whether the distribution by petitioner of stock dividends was legally possible during the taxable year.

Petitioner points out the fact that it had a deficit both at the beginning and end of the taxable year 1936, and, consequently, had no surplus which could be transferred from the surplus account to the capital account through the employment of a stock dividend. Therefore, it contends that the payment of a stock dividend in 1936 was an impossibility, relying on the proposition that a stock dividend is a method whereby surplus earnings of a corporation are transferred from the surplus account to a capital account and is available only where a surplus exists.

Petitioner also contends that, in the light of sections 27 (h) and 115 (f) (1) of the Revenue Act of 1936, set out in the margin,[2] it is evi-

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

* * * * * * *

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

[2] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

* * * * * * *

(h) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders

dent that article 26–2 (b) of Regulations 94, also set out in the margin,[3] upon which respondent relies, must use the word "dividend" in the sense of dividend taxable to the stockholders of the corporation. Since petitioner had no surplus in the taxable year, no distribution of a stock dividend could have been taxable to its stockholders. In this connection it should be pointed out that by the terms of its charter petitioner could only have issued common stock as a stock dividend, since no preferred stock was authorized. Such a stock dividend would not have been taxable to the stockholders. As we held in *Paraport Theatre Leasing Corporation*, 44 B. T. A. 108.

\* \* \* Petitioner can not be denied the credit provided in section 26 (c) (1) because it was not prohibited from declaring a stock dividend unless it could have declared a stock dividend which would have constituted taxable income to its shareholders.

Respondent suggests that the charter of petitioner might have been changed in this respect. However, no change was made and, in view of the provisions of section 12 of the Indiana Corporation Act to the effect that dividends can be paid only out of surplus earnings or profits or surplus paid into the corporation in cash, we can not assume that an authorization for the issuance of preferred stock with which to pay a stock dividend would be granted under the circumstances here present.

We further agree with petitioner that the existence of surplus or undivided profits is a prerequisite to the issuance of a true stock dividend. See *Eisner* v. *Macomber*, 252 U. S. 189; Fletcher's Cyclopaedia on Corporations, Vol. XI, sec. 5361, and cases cited. Cf. *Tillotson Manufacturing Co.*, 27 B. T. A. 913. Petitioner could not issue such a stock

---

as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.

SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\* \* \* \* \* \* \*

(f) STOCK DIVIDENDS.—

(1) GENERAL RULE.—A distribution made by a corporation to its shareholders in its stock or in rights to acquire its stock shall not be treated as a dividend to the extent that it does not constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution.

[3] (b) *Prohibition on payment of dividends.*—The credit provided in section 26 (c) (1) is allowable only with respect to a written contract executed by the corporation prior to May 1, 1936, which expressly deals with the payment of dividends and operates as a legal restriction upon the corporation as to the amounts which it can distribute within the taxable year as dividends. If an amount can be distributed within the taxable year as a dividend—

(1) in one form (as, for example, in stock or bonds of the corporation) without violating the provisions of a contract, but can not be distributed within the taxable year as a dividend in another form (as, for example, in cash) without violating such provisions, or

(2) at one time (as, for example, during the last half of the taxable year) without violating the provisions of a contract, but can not be distributed as a dividend at another time within the taxable year (as, for example, during the first half of the taxable year) without violating such provision—

then the amount is one which, under section 26 (c) (1), can be distributed within the taxable year, as a dividend without violating such provisions.

dividend in the taxable year. By a written contract executed by the corporation prior to May 1, 1936, expressly dealing with the payment of dividends petitioner was prohibited from paying any dividend other than a stock dividend. Therefore, this proceeding comes within our decision in *Columbia River Paper Mills, supra*, as well as our decision in *Paraport Theatre Leasing Corporation, supra*, and on this issue our decision is for petitioner.

Respondent contends that petitioner's unpaid indebtedness under the contract at December 31, 1936, amounted to but $34,500 and that it had cash on hand at that time in the amount of almost $70,000. Since its final payment was due March 1, 1937, respondent concludes that there is no reason why petitioner could not have paid off the debt *in toto* in 1936 and thereby released itself of any further liability under the contract. Undoubtedly it could have, but this argument has already been considered by this Board in *Maumee Malleable Castings Co.*, 44 B. T. A. 263, where the facts were more favorable to this contention than the facts in the instant proceeding, and the conclusion there reached is adverse to respondent.

*Decision will be entered under Rule 50.*